[No. 16295.  Department One.  March 7, 1921.]

THE STATE OF WASHINGTON, *on the Relation of Jos. B. Lindsley, Respondent,* v. JOHN GRADY *et al., Appellants.*[1]

CONTEMPT (8)—INJUNCTION (73)—VIOLATION OF ORDER—NOTICE TO PARTY OR OTHER PERSON. A person not a party cannot be punished for contempt in violating an injunction unless he had notice thereof; and a finding that a member of the I. W. W. had notice of an injunction directed against members of the order is not sustained where it merely appears that copies had been posted in numerous places in the county, and the decree given newspaper publicity, there being nothing to show that the member had been in the county for more than two days.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 12, 1920, upon finding defendant guilty of contempt of court. Reversed.

*W. C. Donovan, George F. Vanderveer,* and *Ralph S. Pierce,* for appellant.

*William C. Meyer,* for respondent.

MACKINTOSH, J.—On January 5, 1920, the superior court of Spokane county, in an action against several defendants, the appellant here not being one of them, made a decree enjoining the defendants "and all others not now known whose names and identity may hereafter be disclosed from associating, confederating, affiliating and acting in concert with said named defendants", from continuing as members of the I. W. W., and from "advocating, advising, teaching or promulgating the said theories, doctrines, practices and alleged principles of the said" organization and from "circulating or distributing any of the written or printed pamphlets,

[1]Reported in 195 Pac. 1049.

papers, handbills, documents or other propaganda or literature of" the I. W. W.

Thereafter, on June 30, 1920, the appellant was arrested and tried for contempt, in having violated this decree, and on trial was found guilty and sentenced. From that judgment, he has appealed.

Extended argument has been made attacking the validity of the decree, but we find it unnecessary to discuss that phase of the case, and will assume, without deciding, that the court had jurisdiction to enter such a decree and that the decree was in all respects valid and binding. The rule is in cases of injunction that the injunction binds the parties defendant, who are named and upon whom service has been secured, and all other persons who have knowledge of its provisions. In other words, that persons not parties to the injunction proceeding and against whom the decree is not directed by name may be punished for contempt if they violate the terms of the decree, provided. that, subsequent to the making of the decree, they have been served with a copy of it or have had notice of it. In *O'Brien v. People*, 216 Ill. 354, 75 N. E. 108, 108 Am. St. 219, the court said:

"Immediately after the writ of injunction was issued the Kellogg company had five hundred copies of it posted in the immediate vicinity of its works. It also had copies served upon some of the defendants personally, by the sheriff, and sent copies to others through the mail. The fact that some of the plaintiffs in error were not parties to the injunction suit and were not served with process, and had no notice of the application for the injunction, or were not served by the officer of the court with such injunction, is immaterial, so long as it is made to appear that they had actual notice of the contents of the injunction ordered and issued by the court. 'To render a person amenable to an injunction it is not neces-

sary that they should have been a party to the suit, so long as they had actual notice of the contents of such injunction' (High on Injunctions, Sec. 1444). With the exception of Fisher and Brent, it is admitted that all of the other plaintiffs in error knew of the injunction, and in view of the prominent part which they both took in the matter, it is unreasonable to suppose that they (Fisher and Brent) did not have knowledge of its existence. If they did not it was their duty to properly present that fact to the trial court upon the hearing, which they failed to do.''

But a person not named as a party cannot be punished for contempt for having violated the terms of a decree of which he had no knowledge.

The testimony in this case shows that the officers arresting the appellant on June 30 had no acquaintance with him, and there is no testimony that a copy of the decree had ever been served upon him, and the only testimony tending to show that the appellant had any knowledge of such a decree was that it was proved that copies thereof had been posted in numerous places in Spokane county, and that the issuance of the decree had been a matter of considerable newspaper publicity and comment.

There is no testimony in the case showing the length of time the appellant had been in Spokane county, the only reference to this being a statement of one of the witnesses that he thought he had seen the appellant around Spokane about twelve days before his arrest, which testimony was later modified on cross-examination that it might have been only about a couple of days. The evidence, as we view it, is entirely inadequate to prove that the appellant had notice of the injunctive order, and he not having been a party to the action, of course, could not be held in contempt in having disobeyed the decree of which he had no notice. This view is supported by the following authorities: *United*

*States v. Elliott,* 64 Fed. 27, and *Garrigan v. United States,* 163 Fed. 16, 23 L. R. A. (N. S.) 1295, wherein it is said:

"The finding that the plaintiff in error had 'full knowledge of the injunction'—a fundamental requisite for either charge of contempt—rests alone on the alleged publicity of the issuance, through newspapers and notices thereof which were posted on the wagons intercepted by the mob. No testimony appears of word or action on the part of the plaintiff in error, or in his hearing, in reference to the injunction; nor that his attention was directed to the wagons, their contents, or any notices thereon. He is clearly entitled to the benefit of 'the presumption of innocence, as evidence in favor of the accused, introduced by the law in his behalf' . . . which arises alike in respect of notice and conduct, as 'an instrument of proof created in his favor', and the mere inference of 'full knowledge' derived solely from the above mentioned facts, is without force, as we believe, to overcome the express denial of knowledge on the part of the accused, fortified by the presumption thus defined."

In *State v. Lavery,* 31 Ore. 77, 49 Pac. 852, the following language occurs:

"It is true the decree restrains the 'defendant Daniel Lavery, his agents, attorneys and employes, and all persons acting under, by, or through him', etc. But without serving a copy thereof upon the defendant John Lavery, or alleging or proving that he had knowledge of its provisions, he cannot be in contempt for violating its terms. While there is some conflict of authority upon the question of the liability of a person for violating the process of a court, the weight and better reason seem to support the rule that a stranger to an injunction, who has notice or knowledge of its terms, is bound thereby, and may be punished for contempt by violating its provisions."

In *Harris v. Hutchison,* 160 Iowa 149, 140 N. W. 830, 44 L. R. A. (N. S.) 1035, the court says:

"It is true that in this opinion the following words were used: 'The decree was sufficiently broad in its terms to enjoin all persons from maintaining a nuisance on the premises therein described, and it was sufficient, as a public record, to impart constructive notice to all persons'. It is evident that those words were used with reference to the facts in that particular case, and where it says, 'It was sufficient as a public record to impart constructive notice to all persons', it evidently meant, and should be understood as meaning, all persons dealing with the property as purchaser, or lessee, or dealing with the property itself."

For these reasons, the trial court was in error in finding the appellant guilty of contempt. The judgment will be reversed and the appellant discharged.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.