[No. 33144.   Department One.   April 14, 1955.]

GEORGE H. MONTGOMERY *et al.*, *Respondents and Cross-appellants*, v. RICHARD HYATT, *Appellant*, HELEN HYATT, *Cross-respondent.*[1]

'Reported in 282 P. (2d) 277.

*Bennett Hoffman* and *Stephen J. Morrissey*, for appellant Richard Hyatt and cross-respondent Helen Hyatt.

*Lloyd Holtz, N. A. Pearson*, and *Max R. Nicolai*, for respondents and cross-appellants.

DONWORTH, J.—This action was brought to determine the legal liability for a collision between two automobiles which occurred on the evening of September 18, 1953, at the intersection of the Maple Valley road and Jones road, which is about three miles east of Renton.

The suit was commenced by Mr. Montgomery, the owner and driver of the Nash car involved in the accident, and by Mrs. Crouch, who was riding as a guest in the car, against Richard Hyatt, the driver of the Hudson car, and Helen Hyatt, his mother, who owned it but was not present at the time of the collision. Both plaintiffs asked for damages for personal injuries sustained, and, in addition, the owner sought to recover for damages to his car.

Defendants denied the material allegations of the complaint regarding negligence and affirmatively set up the defense of contributory negligence on the part of the owner and operator of the Nash car. They also cross-complained against him for two purposes: (1) the driver of the Hudson car to recover for his personal injuries, and (2) the owner of the car (his mother) to recover for damages to it.

Plaintiff's reply and answer to the cross-complaint denied all of the defendant's allegations, except as alleged in the complaint.

The case came to trial before the court sitting with a jury. At the close of the trial (which lasted four days), the case was submitted to the jury on two special interrogatories and three forms of general verdict. After answering the former in favor of plaintiffs, the jury rendered its general verdict, awarding damages to Mr. Montgomery, the owner

and driver of the Nash car, in the sum of sixteen thousand dollars, and to Mrs. Crouch, his guest, in the sum of seven thousand five hundred dollars.

Defendants moved for judgment n.o.v. or, in the alternative, for a new trial. After argument, the trial court denied the first motion but granted the second motion on the condition that Mr. Montgomery consent to a reduction in the amount of the recovery from $16,000 to $12,793. This reduction was accepted, and judgment was entered against the driver of the Hudson in this amount. Judgment was also entered in favor of Mrs. Crouch, the other plaintiff, for the full amount of the verdict ($7,500). This judgment further dismissed the action as to Mrs. Hyatt, the owner of the Hudson, with prejudice, and she was thus exonerated from any liability to either plaintiff because of the acts of her son (the driver).

Richard Hyatt, the driver of the Hudson, has appealed from the judgment against him awarding damages to the two plaintiffs, as stated above, and the latter have cross-appealed from that part of the judgment which reduced the amount of Montgomery's recovery to $12,793, and from the part which dismissed the action as to Mrs. Hyatt, the owner of the Hudson car.

Before considering the assignments of error, certain undisputed facts concerning the collision may be stated.

At about ten-thirty in the evening, both cars were proceeding in an easterly direction on the Maple Valley road (herein referred to as the highway), the Nash being ahead of the Hudson as they approached the point where Jones road intersects the highway on the north side. (There is no road intersecting the highway on the south side.)

For some considerable distance, both east and west of this "T" intersection, the highway is straight and level. The night was clear and the pavement was dry. No other traffic was in sight at the time of the collision.

As the Nash arrived at the intersection, the driver made a left turn into Jones road. Shortly prior thereto, the Hudson had pulled over into the left-hand lane preparatory

to passing the Nash. While the Nash was making the left turn, the right front portion of the Hudson came into violent collision with the middle of the left side of the Nash. This car came to rest in a ditch on the south side of the highway at a distance of 135 feet from the point of collision, and the Hudson jumped the ditch and embedded its nose in the bank on the north side of the highway at a point 227 feet east thereof. Serious personal injuries were sustained by the two drivers and their guests.

The testimony presented by the parties is in direct conflict as to exactly what each driver did immediately prior to the collision. It is not necessary to review here the different versions given by the several eye witnesses. Unless we find reversible error in regard to the instructions or admission of evidence, we must accept the findings of the jury on the issues of negligence and contributory negligence. In response to two special interrogatories, the jury found that the driver of the Hudson did not sound his horn when fifty feet or more from the Nash, and that the driver of the Nash did give the rear light signal as required by law before making a left turn into Jones road.

Of appellant's twelve assignments of error, we find it necessary to consider only No. 3 and No. 4.

Assignment of error No. 3 relates to a matter which is not likely to occur on a retrial of this case. However, it is sufficiently important to require discussion. It appears that, at the request of appellant's counsel and with the approval of their own counsel, respondents had been examined by Dr. Berge prior to the trial for the purpose of ascertaining their physical condition and testifying in regard to it. He prepared two typewritten reports, signed by him, setting forth his findings as to the condition of each respondent. At the time of the trial, Dr. Berge was temporarily absent from Seattle and was not available as a witness.

Respondents' counsel offered these reports in evidence, and they were admitted over the objection of appellant that they were incompetent because Dr. Berge was not present to explain them. They were read in full to the jury

by respondents' counsel. We are of the opinion that, under the circumstances stated above, these reports were erroneously admitted and that appellant was prejudiced by their admission.

No. 4 is based upon the testimony of a state patrol officer who had arrived at the scene of the accident some twenty or thirty minutes after the collision occurred. He identified certain photographs of the Nash and of the Hudson taken after the collision. He then testified over appellant's objection:

"Q. Are you able to state, after having viewed the scene of the accident, fully investigated and seen the impact, to each automobile, are you able to state at what speed Mr. Hyatt's automobile was travelling at the time of the impact? MR. HOFFMAN: I object to that as strictly a conclusion, Your Honor. That is something for the jury to decide. THE COURT: He may give his opinion. A. My opinion was that he was exceeding 65, due to the fact that at 50 miles an hour, if he had seen the vehicle, it takes him 55 feet to react —that is, take his foot from the throttle and put it to the brakes—and at 50 miles an hour if he had immediately locked his brakes he would have gone another 131 feet which makes it 186 feet. He stated that he had seen Mr. Hyatt—correction; he seen Mr. Montgomery. He — Q. (interposing, by Mr. Holtz) You say he saw Mr. Montgomery? A. He stated he did. He stated he saw him, put his brakes on, and he travelled a total of 282 feet, whereas normally he would travel a distance of 186 feet reaction time and skid time."

In view of our recent decision in *Ewer v. Johnson*, 44 Wn. (2d) 746, 270 P. (2d) 813, holding that the admission of such opinion testimony is prejudicially erroneous, we must hold that appellant's objection should have been sustained. In the cited case, we said:

"We feel that it was improper to admit the opinion testimony of all three witnesses. We can see no distinction between opinion testimony as to speed and as to the number of impacts. The only reason for permitting expert opinion evidence is to assist and advise the trier of facts in instances where the subject of the testimony is beyond the understanding of an ordinary person. In this case the jury

could have drawn their own conclusions from the pictures introduced and from the testimony of witnesses as to the location and extent of the damages to the cars. *Warren v. Hynes*, 4 Wn. (2d) 128, 102 P. (2d) 691; *State v. Carlsten*, 17 Wn. (2d) 573, 136 P. (2d) 183; *Allen v. Porter*, 19 Wn. (2d) 503, 143 P. (2d) 328."

While we further held in that case that the error was cured by the court's striking the testimony and instructing the jury to disregard it, there was no such curative action taken in this case.

Because of this error, appellant must be granted a new trial. The officer's statement of opinion that appellant was driving his Hudson car at the rate of 65 miles per hour while attempting to pass the Nash could have been the determining factor in the jury's arriving at its verdict.

The other alleged errors assigned by appellant involve matters which probably will not occur upon a retrial, and we do not deem it necessary to pass upon them in this opinion.

Coming to respondents' cross-appeal, appellants have moved to dismiss it because the appeal bond erroneously designates the obligees as "Richard Hyatt and Helen Hyatt, his wife", when in fact Helen Hyatt is the mother of Richard. There is no question as to the identity of the obligees named in the bond, and the mistaken designation of one of them as the wife of the other is immaterial. We find no merit in the motion to dismiss the cross-appeal, and it is denied.

The only question raised on the cross-appeal is whether the court erred in giving instruction No. 24, in effect directing a verdict for Helen Hyatt and later dismissing the action with prejudice as to her. Respondents contend that she is liable, under the family car doctrine, for the acts of her son in driving her car at the time of collision.

We have read all of the testimony bearing upon this question and cannot find any basis for fixing any legal liability upon Helen Hyatt. Briefly stated, it shows that Richard Hyatt, her son, is a seaman, twenty-eight years old, and is employed most of the time on the high seas. When he has a leave from his ship, he sometimes visits his mother in

Maple Valley, where he keeps a suit or other clothing. He testified that at the time of the accident he was living at a housing project in Renton, which is thirteen miles from his mother's house.

On the night of the accident, he was using the car with his mother's permission and had, unknown to her, bought some food and invited three friends or acquaintances to ride out from Renton to his mother's house to have dinner. The trip was entirely his own idea and for his own pleasure. Nothing he did that day was done for his mother's benefit or at her request.

Under the evidence, we hold that the family car doctrine had no application to this case. See *Warren v. Norguard*, 103 Wash. 284, 174 Pac. 7, and *McGinn v. Kimmel*, 36 Wn. (2d) 786, 221 P. (2d) 467. The trial court did not err in dismissing the action as to Helen Hyatt with prejudice.

Because of the two errors pointed out above, the judgment appealed from is reversed on appellant's appeal with directions to grant him a new trial. Appellant shall recover his costs in this court.

On respondents' cross-appeal, the portion of the judgment appealed from is affirmed.

HAMLEY, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.