[No. 34770. Department Two. July 2, 1959.]

SAN JUAN COUNTY, *Respondent,* v. PEDER M. HAGE *et al.,* *Appellants,* WINFIELD BROWN *et al., Respondents.*[1]

[1]Reported in 341 P. (2d) 872.

*Peder M. Hage* and *Eleanor J. Hage, pro se.*

*Elmon A. Geneste* and *Willing & Post,* for respondents.

MALLERY, J.—This is an appeal by the defendants from an order of the superior court for San Juan county, signed and filed August 19, 1958, which adjudged them in contempt of court for violating its temporary restraining order of December 21, 1954.

The appellants contend the trial court erred in denying them a jury trial in this proceeding, which was on a show cause order. This proceeding was brought under RCW 7.20 to enforce the restraining order in question. In *Keller v. Keller,* 52 Wn. (2d) 84, 323 P. (2d) 231, we said: "Under RCW 7.20, the contemnor is not entitled to a jury trial. [Citing cases.]" It was not error to deny appellants' request for one.

The appellants contend the trial judge erred by refusing to disqualify himself after appellants had filed an affidavit of prejudice. The trial judge ruled on the affidavit as follows:

"IT IS ORDERED that the Affidavit of Prejudice as to Judge Hobart S. Dawson be rejected because the statutes only allow a party to file an Affidavit of Prejudice once as to one Judge, and such right has been exercised as to Judge Kale, and for the further reason that the statute requires the filing of such an affidavit prior to the submission of any matter involving discretion on the part of the Court and it appears from the files of this cause and the Minutes of the Superior Court that on December 21st, 1954, upon the Return on the Order to Show Cause the same was argued, submitted to the Court for decision, and the existing Re-

straining Order continued, and that at the February 15, 1955, Term of Court the Defendants argued their Demurrer to Plaintiff's Complaint and the Court overruled said demurrer, and by reason of said facts the Affidavit of Prejudice was not timely filed, and of no avail."

■ This is in accord with RCW 4.12.050. It was not error to so rule.

■ The appellants contend the trial court erred in refusing to admit in evidence a certain map prepared by a surveyor whom they had hired. Since the surveyor did not identify or qualify it and was not even present in court so as to be available for cross-examination, it was properly excluded. See *Montgomery v. Hyatt*, 46 Wn. (2d) 468, 282 P. (2d) 277; *Owens v. Seattle*, 49 Wn. (2d) 187, 299 P. (2d) 560.

■ The appellants assign error to the trial court's recognizing the intervenors in the instant proceeding. Since their brief on appeal contains no argument in support of this assignment of error, we must disregard it. *Bruce v. Bruce*, 48 Wn. (2d) 229, 292 P. (2d) 1060; Rule on Appeal 42 (1) (f), 34A Wn. (2d) 44, as amended, effective January 2, 1953.

■ The appellants contend the trial court erred in hearing this matter after they had filed notices of appeal in each instance from the court's orders rejecting appellants' affidavit of prejudice, striking part of appellants' answer, denying appellants a jury trial, and setting the cause for hearing. None of these are appealable orders under Rule on Appeal 14, 34A Wn. (2d) 20. No valid appeal was pending as a result of these notices; hence, the trial court did not lose jurisdiction to proceed with the cause.

The order adjudging the appellants in contempt of court is affirmed.

WEAVER, C. J., HILL, FOSTER and HUNTER, JJ., concur.