ROY F. CHOAT, SR., APPELLANT, v. JOHN E. McDORMAN, DOROTHY McDORMAN, LEONARD J. SCHWEITZER AND JOYCE N. SCHWEITZER, RESPONDENTS.

No. 5869

April 24, 1970                               468 P.2d 354

*Diehl, Recanzone and Evans,* of Fallon, for Appellant.

*Goldwater, Taber, Hill and Mortimer,* of Reno, for Respondents McDormans.

*Guild, Guild and Cunningham,* of Reno, for Respondents Schweitzers.

## OPINION

By the Court, BATJER, J.:

All of the parties to this action celebrated New Year's Eve, December 31, 1964, at the Mason Hotel in Mason, Nevada. The McDormans left the hotel early in the morning of January 1, 1965, followed by the Schweitzers and the Choats. The couples proceeded, in their respective cars, in a northerly direction on the Nordyke Road between Mason and Yerington, Nevada. In each instance the husbands were driving. The accident out of which this case arose occurred approximately one mile north of Mason.

The motor of the McDorman vehicle stopped, resulting in a malfunction of the power steering, and it coasted to a stop in the right-hand lane on the main traveled portion of the highway. The taillights of the McDorman car were on and functioning. Leonard J. Schweitzer then came upon the stalled car, observed the taillights and swerved to avoid a collision. He momentarily lost control of his car and it skidded into a side road. Schweitzer then drove back along the opposite shoulder of the road to the area where the McDorman vehicle was parked and stopped. He left his headlights on, alighted from his car and went to confront McDorman. While Schweitzer and

McDorman were engaged in a heated discussion they heard the Choat car approaching and immediately scrambled for the borrow pit.

The Choat car struck the rear of the McDorman vehicle and drove it a distance of 85 or 90 feet. Both vehicles were severely damaged. Appellant, his wife, and Dorothy McDorman (Dorothy Imus at the time of the trial) were injured. Mrs. Choat died a few days later as a result of injuries which she received in the accident.

On September 16, 1966, the appellant filed a complaint against the respondents for damages sustained by him as a result of the accident. The matter was set for trial and on August 19, 1968, the jury returned a verdict in favor of the respondents.

The appellant filed a motion for a new trial and stay of execution of judgment pending disposition thereof upon the same grounds that are before this court on assignments of error. That motion was denied. On December 2, 1968, the appellant filed a motion for leave to renew the motion for a new trial under District Court Rule 20(4).[1] This motion was also denied by the district court.

The appellant contends that the respondents failed to produce sufficient evidence to prove him guilty of contributory negligence; that the trial court erred when it permitted an officer, who had investigated the accident, to testify relative to the speed of the appellant's vehicle at the time of impact; that the jury manifestly disregarded the instructions of the trial court; and, that the trial judge committed prejudicial error by discussing aspects of the case with the foreman of the jury in the absence of counsel.

William Stromer, a former highway patrolman, was called as a witness by the appellant and he testified that he arrived at the scene of the accident approximately ten (10) minutes after the collision between the Choat and McDorman vehicles; that he investigated the accident; determined the point of impact and assisted a local police officer with some measurements. He further testified that he had been a patrolman with the Nevada State Highway Patrol for seven years; that he had been enrolled in a ten day advanced accident investigation course in November, 1961, at the California Highway Patrol Academy and had

---

[1]District Court Rule 20(4): "No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

"done quite a bit of reading on my own;" that he had received some on-the-job training and had been to several F.B.I. schools where they touched upon the subject of accident investigation and that he had investigated in excess of six hundred accidents. However, after he was called as a witness by the respondents, and upon voir dire examination, he admitted that he had made no measurement of the skid marks made by the Choat vehicle; that he made no measurement of the road grade; nor any particular computations; and that he did not know if the brakes were set on the McDorman car or if it was in gear when it was struck. He further testified that he did not know or determine the weight of the vehicles involved, but believed that their weight would have some bearing on the resulting damage, and that his estimate of speed would be based on the resulting damages to the vehicles weighed in light of his experience as a highway patrolman. He also stated that he had never before been called upon to estimate the speed of a vehicle based only on a view of the resulting damage, and admitted that he did not feel qualified to testify as to the speed of the Choat vehicle before impact.

The trial court found that Stromer was qualified to estimate the speed of the Choat vehicle, and by permitting him to testify, in effect ruled, as a matter of law, that a qualified witness may testify as to the speed of a vehicle before impact based solely on the resulting damage.

We do not decide whether the trial court abused its discretion when it found Stromer to be qualified to testify as to the speed of the Choat vehicle before impact, because we find that an expert witness may not testify as to the speed of a vehicle prior to impact based solely on the resulting damage to the vehicles involved. Montgomery v. Hyatt, 282 P.2d 277 (Wash. 1955); Flores v. Barlow, 354 S.W.2d 173 (Tex. 1962); Bailey v. Rhodes, 276 P.2d 713 (Ore. 1954).

Just because a witness may be qualified as an expert does not automatically qualify him to give an opinion necessarily based on facts beyond his knowledge even though the opinion may be within the range of his expertise. In Levine v. Remolif, 80 Nev. 168, 390 P.2d 718 (1964), this court held that the testimony of an expert who had never examined the wrecked vehicles, as to their speed at the time of the accident, was properly stricken when based entirely on photographs of

vehicles and certain diagrams made after the accident because the photographs could not disclose damage to the frames of the cars.

There is a split of authority on the question of admissibility or inadmissibility of opinion evidence as to speed based on the condition of the motor vehicle after an accident. In a majority of the cases the testimony has been held inadmissible on the ground that the jury could draw a conclusion from the facts as well as the witness, particularly when the opinion of the expert was nothing more than a guess. The cases deciding the question have been collected in 93 A.L.R.2d 187.

Even cases where expert testimony on speed prior to impact has been admitted, factors such as skid marks, the relative positions of the vehicles after the accident, and their respective weights, in addition to the resulting damage, were taken into consideration. Johnson v. Huskey, 350 P.2d 14 (Kan. 1960); Continental Oil Company v. Elias, 307 P.2d 849 (Okla. 1956). Here the witness specifically testified that he was relying solely on his observation of the resultant damage to the vehicles involved.

In Stephanofsky v. Hill, 71 A.2d 560 (Conn. 1950), that court said: "Our conclusion that the evidence was not admissible is in accord with the very substantial weight of authority which holds that opinion evidence as to the speed of a car at the time an accident occurred, based on the appearance or condition of the car and the locus after the accident, is inadmissible, upon the ground that the conclusion if given would amount to a mere guess."

Stromer's testimony and that of the appellant were the only specific estimates before the jury, on the speed of the Choat automobile. None of the other witnesses made a specific estimate of the speed of that vehicle although some of them did testify about its speed in general. Although there was no speed limit on that particular section of the highway where this accident occurred, the question of the speed of the Choat vehicle was a dominant factor in this case. The respondents contend that the defense of contributory negligence made on their behalf was not based on speed alone, but also on the fact that Choat failed to keep a proper lookout; that he failed to apply his brakes; that he failed to keep proper control of his vehicle; that he was driving at a rate of speed which prevented him from controlling and stopping the car within the beam of his headlights. We are not persuaded by this argument.

The trial court in two separate instructions to the jury, advised them that an operator of a vehicle was to "drive at such a rate of speed and to keep the vehicle under such control ... to avoid a collision." Stromer's testimony as to speed was not of such cumulative nature as to be harmless under NRCP 61.[2]

The testimony of a former highway patrolman, testifying as an expert witness, was undoubtedly accorded considerable weight by the jury and, inasmuch as it tended to establish the contributory negligence of the appellant it was unduly prejudicial to his case, and it was therefore reversible error to admit it. O'Brien v. Great Northern Railway Company, 400 P.2d 634 (Mont. 1965); Montgomery v. Hyatt, supra; Flores v. Barlow, supra; Bailey v. Rhodes, supra.

We do not reach the appellant's remaining assignments of error. The judgment is reversed and this case is remanded for a new trial.

COLLINS, C. J., ZENOFF and MOWBRAY, JJ., and COMPTON, D. J., concur.

[2]NRCP 61: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."