[No. 42475.    En Banc.    March 22, 1973.]

THE STATE OF WASHINGTON, *Respondent*, v. MECCA TWIN THEATER AND FILM EXCHANGE, INC., et al., *Appellants*.

88

Victor V. Hoff, for appellants.

Christopher T. Bayley, Prosecuting Attorney, and Kenneth W. Sharaga, Deputy, for respondent.

STAFFORD, J.—Mecca Twin Theater and Film Exchange, Inc., a Washington corporation, and Omer G. Bittner, its secretary-treasurer, were held in civil contempt of court. They appeal.

On April 12, 1972, two police officers attended an exhibition of the moving picture "Six for Sex" at the corporation's Mecca Twin Theater. Approximately every 2 minutes during the showing of the film, one of the police officers took a still photograph of the image projected on the screen. There was no interference with the showing of the film.

On April 14, 1972, without interfering with the exhibition of the film, an information was filed charging the *corporation* with violation of RCW 9.68.010(1) by exhibiting an obscene motion picture. On the same day, based on 32 still photographs taken at the above-mentioned exhibition and an affidavit of one of the viewing police officers describing

the movie, the trial court granted the state's ex parte motion. The corporation was ordered to appear April 18, 1972, and show cause why it should not be ordered to (1) retain and preserve the film and sound track, and (2) deliver them to the clerk of the court to be held as evidence in the criminal action against the *corporation*. Certified copies of the show cause order, a temporary order not to alter or dispose of the film, as well as the summons and information were served on the corporation by personal service on Omer G. Bittner, its manager and secretary-treasurer.

The corporation appeared by its attorney at the show cause hearing on April 18 but offered no evidence. There still had been no interference with the exhibition of the film. The trial court found probable cause to believe that the film "Six for Sex" was obscene and ordered the corporation, and its agents, employees and officers to deliver the film to the clerk of the court by noon, Wednesday, April 19, 1972, to be held as evidence in the criminal case filed against the corporation. Omer Bittner was served with a certified copy of the order. Uncontroverted testimony at the hearing disclosed that it was customary for the theater to change films and to show a new film or series of films every Wednesday. Thus, Tuesday, April 18, would normally have been the last day "Six for Sex" would have been exhibited. A new film would have replaced it on Wednesday, the 19th.

On April 19, instead of delivering the film, the corporation filed a notice of appeal from the April 18 order. On the same day, the trial court ordered both the corporation and Bittner to appear and show cause why they should not be held in contempt of court for their failure to comply with the order to deliver. At the hearing on April 24 the corporation appeared by counsel and Bittner appeared personally and by the same attorney. The court found both the corporation and Bittner in contempt. The corporation was fined $100, and Bittner was ordered confined to jail, pursuant to RCW 7.20.110, until the film was delivered. Both the corporation and Bittner filed timely notice of appeal from the contempt judgments.

■ Appellants assert that the trial court erred by issuing the judgment of contempt because (1) a notice of appeal had been filed on April 19, prior to the contempt hearing, thus, depriving the trial court of jurisdiction; and, (2) the initial show cause order and the subsequent order to deliver were unlawful.

Appellants' contention that the filing of a notice of appeal divested the trial court of jurisdiction is without merit. The order to preserve and deliver the film was interlocutory. Thus, it was not a final order from which an appeal could lie. The trial court did not lose jurisdiction because no valid appeal was pending. *See San Juan County v. Hage*, 54 Wn.2d 419, 341 P.2d 872 (1959) and *State ex rel. Mangaoang v. Superior Court*, 30 Wn.2d 692, 193 P.2d 318 (1948).

■ Furthermore, we do not agree with appellants' contention that the initial show cause order and the order to preserve and deliver the film violated article 1, section 9 of the state constitution, thus depriving the trial court of jurisdiction to enter the April 14 show cause order and the April 18 delivery order.

Absent a violation of constitutional or statutory rights, not here involved, the trial court had inherent power to issue the initial show cause order and the subsequent delivery order. As we said in *State v. Grove*, 65 Wn.2d 525, 528, 398 P.2d 170 (1965):

> This state has long recognized the inherent power of the trial court to grant discovery. *State v. Gilman*, 63 Wn. (2d) 7, 385 P. (2d) 369 (1963). This inherent power, based on trial administration, is not limited to that which benefits the defendant.

The inherent power to permit pretrial discovery is a matter peculiarly within the discretion of the trial court. *See State v. Mesaros*, 62 Wn.2d 579, 384 P.2d 372 (1963). In order to enhance the search for truth, trial courts are encouraged to exercise this discretion, bearing in mind that discovery should be considered a "two-way street." *State v. Boehme*, 71 Wn.2d 621, 430 P.2d 527 (1967).

■ Appellants' contention that the orders were unlawful is premised on our construing the state's constitutional provision against self-incrimination more broadly than that contained in the United States Constitution. However, we recently held to the contrary in *State v. Moore*, 79 Wn.2d 51, 57, 483 P.2d 630 (1971):

> The Washington constitutional provision against self-incrimination envisions the same guarantee as that provided in the federal constitution.

■ Moreover, a corporation is not protected by the constitutional privilege against self-incrimination. *Curcio v. United States*, 354 U.S. 118, 1 L. Ed. 2d 1225, 77 S. Ct. 1145 (1957). Since the Washington constitutional privilege against self-incrimination is coextensive with that provided in the United States Constitution, article 1, section 9 of the state constitution provides no such protection for a corporation. Thus, the orders directed to the corporation were not unlawful.

At this point, one must note that this is not a criminal case. Rather, it is a civil action for contempt. In the original action only the corporation was charged criminally with a violation of RCW 9.68.010(1). No individuals were charged.

In regard to Bittner personally, the order to deliver also was not unlawful.

> [I]ndividuals, when acting as representatives of a collective group, cannot be said to be exercising their personal rights and duties nor to be entitled to their purely personal privileges. Rather they assume the rights, duties and privileges of the artificial entity or association of which they are agents or officers and they are bound by its obligations. In their official capacity, therefore, they have no privilege against self-incrimination.

*United States v. White*, 322 U.S. 694, 699, 88 L. Ed. 1542, 64 S. Ct. 1248, 152 A.L.R. 1202 (1944). *See also Curcio v. United States, supra.* The order to deliver was directed to Bittner in his official capacity as an officer of the corporation. He was not ordered to be a witness against himself, which *Curcio* prohibits in the absence of a grant of ade-

quate immunity from prosecution. Thus, the order to deliver was lawful and the court had jurisdiction to coerce Bittner's compliance, subject to statutory and constitutional requirements.

RCW 7.20.110, pursuant to which Bittner was ordered confined to jail, requires that the act by which the offender can purge himself of contempt must be one which is within his power to perform at the time the contempt order is entered. Bittner claims the court erred in this regard because it did not enter a formal finding that he still had the power or ability to deliver the film.

Generally, findings of fact are required in a civil contempt proceedings. *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 P. 961 (1925). In *Plese,* we remanded the case for entry of findings. However, that case is distinguishable. Here, findings have been made whereas in *Plese* none were made.

■ It is true the findings of fact do not contain a precise finding that Bittner was able to deliver the film at the time the contempt order was entered. However, Bittner neither testified nor offered evidence to establish that he was then unable to comply with the order. In fact, quite the contrary, the undisputed testimony is that on Tuesday, the 18th, the film was still located at the corporation's theater and that normally, when transferred by the management after a showing, it would go to a Tacoma theater "owned by the Bittners, who are a corporation." Furthermore, the burden of showing one's inability to comply is on the one alleging the inability. *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 P. 52 (1897); *see also Fisch v. Marler,* 1 Wn.2d 698, 97 P.2d 147 (1939) and cases cited therein.

■ While precise findings are preferred, in the absence thereof, in order to avoid a useless remanding of a case, this court will examine the trial court's record. Such examination here discloses that the trial judge found "Mr. Bittner . . . had the authority to do this [deliver the film] as an officer and managing agent of the corporation . . ."

From the context, it is clear that the words "authority to do this" must reasonably be read as a finding that Bittner had the ability to comply with the court's order.

Furthermore, although Bittner was present with counsel at the contempt hearing, he made no attempt to dispute the facts presented by the state's affidavit and testimony. Where there is no dispute of fact, the remanding of a case for formal findings is a useless and unnecessary act in which this court will not engage. *Cogswell v. Cogswell*, 50 Wn.2d 597, 313 P.2d 364 (1957); *see also LaHue v. Keystone Inv. Co.*, 6 Wn. App. 765, 496 P.2d 343 (1972) and cases cited therein.

Finally, Bittner contends that because he was not a party to the action and was not specifically named in the delivery order, the trial court erred in finding him in contempt. The contention is not well taken. Where it can be shown that one, not a party to an action, has actual knowledge of a court order, that person can be held in contempt for his failure to comply with it. *State ex rel. Lindsley v. Grady*, 114 Wash. 692, 195 P. 1049, 15 A.L.R. 383 (1921); *East Caln v. Carter*, 440 Pa. 607, 269 A.2d 703 (1970).

In the present case the order to deliver was specific and definite enough so that one with knowledge thereof would know what action was required. That Bittner had knowledge of the order is clear from the uncontroverted finding of fact that he had been personally served with a certified copy of the court's April 18 delivery order. Thus, it is irrelevant that he was not a party to the action and was not specifically named in the order.

The trial court is affirmed.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, and UTTER, JJ., concur.