# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT CRAIG BALLEW,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68234

IVY MARY RASMUSSEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68236 **FILED**

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

These are appeals from judgments of conviction,[1] pursuant to a jury verdict, of theft, conspiracy to commit a crime, and exploitation of the elderly. Eighth Judicial District Court, Clark County; Stefany Miley, Judge. We elect to consolidate these appeals for disposition. *See* NRAP 3(b)(2).[2]

*Sufficiency of the evidence*

Appellants Robert Ballew and Ivy Rasmussen argue there was insufficient evidence to support their convictions. They assert that the jury relied heavily on biased testimony of the victim's family members who had a vested, financial interest in the outcome, that there was no evidence of criminal intent or undue influence, and that the facts surrounding Ballew and Rasmussen's receipt of all the gifts could be innocuously explained.

---

[1]The judgments were twice amended to correct errors.

[2]Justice James W. Hardesty is disqualified from this case.

18-35039

"The relevant inquiry for this court is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Middleton v. State*, 114 Nev. 1089, 1103, 968 P.2d 296, 306 (1998) (internal quotation marks omitted). Our review of the record on appeal reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact as to all but two counts. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The State presented evidence that Ballew and Rasmussen received significant amounts of money from an elderly gentleman, that appellants, when confronted, gave incredible explanations for the extravagant funds, and that a BMW convertible for appellants and a new truck for their daughter was partially purchased with the victim's funds. Additionally, evidence at trial established that appellants: (1) made it difficult for family members to contact the victim; (2) failed to disclose information to the family, including hospitalizations, a diagnosis of dementia, and a change in doctors; and (3) switched a picture of the victim's family to a frame captioned "friends." Lastly, evidence was presented that established charges were made with the victim's debit card while the victim was hospitalized.

Viewing this evidence in the light most favorable to the State, the jury could rationally find that Ballew and Rasmussen committed conspiracy to commit a crime, theft (counts 4-7), and exploitation of the elderly. *See* NRS 199.480; NRS 205.0832(1)(b); NRS 200.5092; NRS 200.5099. While appellants assert that their actions did not constitute criminal conduct, this theory was presented to the jury. It is for the jury to

determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

However, we conclude that the evidence presented by the State for counts 2[3] and 3 was insufficient. The evidence did not establish that Ballew and Rasmussen acted without lawful authority where the victim authorized the checks with his own signature.[4] Accordingly, we reverse the convictions for counts 2 and 3 (theft) as to Rasmussen and the conviction for count 3 (theft) as to Ballew.

*Double jeopardy*

Ballew and Rasmussen claim that their convictions for exploitation of the elderly and theft violate double jeopardy because the elements of theft are completely subsumed in the exploitation-of-the-elderly statute, making it a lesser-included offense. "The Double Jeopardy Clause protects against . . . multiple punishments for the same offense," and to determine whether two statutory provisions penalize the same offense, this court looks to *Blockburger v. United States*, 24 U.S. 299, 304 (1931). *Jackson v. State*, 128 Nev. 598, 604, 291 P.3d 1274, 1278 (2012). Under *Blockburger*, "if the elements of one offense are entirely included within the elements of a second offense, the first offense is a lesser included offense and the Double Jeopardy Clause prohibits a conviction for both offenses." *Kelley v. State*, 132 Nev., Adv. Op. 32, 371 P.3d 1052, 1054 (2016).

---

[3]Ballew was acquitted of count 2 by the jury.

[4]Counts 4-7 asserted that appellants committed theft by utilizing the victim's debit card while he was hospitalized.



Here, the offenses of theft and exploitation of the elderly each contain an element the other does not. Theft requires that the act be committed without lawful authority, *see* NRS 205.0832(1), whereas exploitation of the elderly allows for criminal liability by a person with lawful authority, *see* NRS 200.5092(3) ("or any use of the power of attorney or guardianship"). Conversely, the crime of exploitation of the elderly contains a requirement that the victim be 60 years of age of older, *see* NRS 200.5092(6), whereas there is no age requirement for theft. Accordingly, under the elements test, these two statutory provisions do not penalize the same offense, and appellants' convictions do not violate double jeopardy.

*Elder exploitation statutes*

Ballew and Rasmussen argues that the elder exploitation statutes, *see* NRS 200.5091 et. seq., are unconstitutionally vague and overbroad. They claim the statutes are vague on their face because they fail to define "undue influence" and thus fail to put an average person on notice of the prohibited conduct. They also claim that the statutes are vague as applied because Ballew and Rasmussen were charged with crimes relating to their acceptance of gifts and funds from a friend whereas others also accepted funds without consequence. Lastly, they assert that the statutes are overbroad because they criminalize the constitutionally protected right of exchanging gifts between friends.

We conclude that Ballew and Rasmussen failed to satisfy their burden of demonstrating that the statutes are unconstitutional. *See Collins v. State*, 125 Nev. 60, 62, 203 P.3d 90, 91 (2009) (holding a statute is presumed constitutional and that, while this court conducts a de novo review of the constitutionality of a statute, it is the challenger who bears the burden of making a clear showing of a statute's invalidity). Evidence

was presented that Ballew and Rasmussen confused an elderly person with dementia, who was living with them, regarding the identity of his real family. The State also presented evidence that Ballew and Rasmussen manipulated the victim into paying large amounts of money to fund their lifestyle, and drained his accounts until he could no longer afford medical care for his ailing wife. The statutes clearly define the proscribed conduct such that a person of ordinary intelligence has fair notice of what conduct is forbidden and the statutes do not encourage discriminatory and arbitrary enforcement; the conduct by Ballew and Rasmussen is clearly proscribed by the statute. *See Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 512-13, 217 P.3d 546, 553-54 (2009); *Nelson v. State*, 123 Nev. 534, 541, 170 P.3d 517, 522 (2007) (recognizing that "[a]lthough there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls, such a limitation is not sufficient to determine that a criminal statute is unconstitutional" (internal quotation marks omitted)); *State v. Colosimo*, 122 Nev. 950, 954, 142 P.3d 352, 355 (2006) ("The test of granting sufficient warning as to proscribed conduct will be met if there are well settled and ordinarily understood meanings for the words employed when viewed in the context of the entire statutory provision." (internal quotation marks omitted)).

Additionally, Ballew and Rasmussen's overbreadth argument fails because the statutes do not infringe upon their alleged right to exchange gifts between friends. Rather, the statutes require that they, as people who have the trust and confidence of an elderly person, do not obtain control over the elderly person's money or assets by means of undue

influence, or convert[5] the money or assets, *with the intent* of permanently depriving the elderly person of the use of such money or assets. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 49, 494-95 (1982) (holding that an enactment which does not reach "a substantial amount of constitutionally protected conduct" is not subject to a facial overbreadth challenge); *Silvar v. Eighth Judicial Dist. Court,* 122 Nev. 289, 297-98, 129 P.3d 682, 687-88 (2006). Therefore, appellants are not entitled to relief on these claims.

*Jury instructions*

Ballew and Rasmussen argue that the district court erred in its giving of the jury instructions. They allege that the jury was erroneously not given an instruction on the definition of "convert" and was erroneously instructed as to the burden of proof regarding conspiracy. As to the definition of "convert," we conclude that Ballew and Rasmussen have not demonstrated plain error warranting relief as they did not object at trial and have not shown that the definition was required or that the omission of such an instruction resulted in actual prejudice or a miscarriage of justice. *See Green v. State,* 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). As to the burden of proof regarding conspiracy, "[t]he instruction solely addresse[d] the jury's consideration of a coconspirator's statements in furtherance of a conspiracy as evidence against another member of the conspiracy, outlining the preconditions to the jury's consideration of the evidence, including slight evidence that a conspiracy existed." *Burnside v. State,* 131 Nev. 371, 395,

---

[5]Ballew and Rasmussen's own briefs demonstrate that the meaning of the word "convert" ensures that mere gift-giving between friends would not be swept into the breadth of this statute.

352 P.3d 627, 644 (2015). "The instruction [did] not suggest that [appellants] may be convicted of conspiracy or a conspiracy theory of liability based on slight evidence instead of the constitutionally required beyond-a-reasonable-doubt standard." *Id.* And the jury was properly instructed that they could only convict appellants if it found guilt beyond a reasonable doubt. Accordingly, we conclude Ballew and Rasmussen are not entitled to relief on these claims.

*Conflict of interest*

Ballew and Rasmussen claim that a specific employee of the Clark County District Attorney's office had a conflict of interest with their criminal case such that they were denied the right to a fair trial by an impartial and objective prosecution. After the trial concluded, both appellants moved to disqualify the district attorney's office based on this conflict. The district court found "that there was no evidence presented that [the employee] had any undue or improper influence on the decision of what charges, or whether to file charges," and "that there is no evidence to indicate [the employee's] employment with the District Attorney's Office and the accompanying civil case in any way, shape or form influence[d] the offers that were made." We conclude that the district court did not abuse its discretion in finding that this was not an extreme case in which the employee's conflict should have been imputed to the entire office. *See State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev. 158, 164-65, 321 P.3d 882, 886-87 (2014). We find unpersuasive the arguments by Ballew and

Rasmussen that it was unlikely they received a fair trial because of the employee's conflict.[6] Accordingly, we deny relief on this claim.

*Demand letter*

Ballew and Rasmussen argue the district court erroneously allowed expert testimony regarding an offer of compromise to be admitted in violation of NRS 48.105(1)(a). However, the letter at issue was not an offer of compromise. The victims' family's attorney sent a demand letter to appellants for the return of property in order to account for assets as part of a petition for guardianship, and the attorney testified as to the contents of the letter as well as to the fact that the assets were not returned. "An offer of compromise is an offer by one party to settle a claim," *Davis v. Beling*, 128 Nev. 301, 311, 278 P.3d 501, 509 (2012), and the letter at issue would not have settled the criminal matter as "[t]he matter of the prosecution of any criminal case is within the entire control of the district attorney," *Cairns v. Sheriff*, 89 Nev. 113, 115, 508 P.2d 1015, 1017 (1973). Further, we conclude that the attorney's testimony did not amount to the type of expert testimony we held inadmissible in *Choat v. McDorman*, 86 Nev. 332, 335-36, 468 P.2d 354, 356 (1970). Therefore, appellants are not entitled to relief on this claim.

*Cruel and unusual punishment*

Ballew and Rasmussen claim that their sentences are so disproportionate as to shock the conscience and to constitute cruel and unusual punishment. Regardless of its severity, "[a] sentence within the statutory limits is not cruel and unusual punishment unless the statute

---

[6]To the extent Ballew and Rasmussen argue prosecutorial misconduct, we conclude that they have not shown misconduct.

 

fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal quotation marks omitted); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion) (explaining the Eighth Amendment does not require strict proportionality between crime and sentence but forbids only an extreme sentence that is grossly disproportionate to the crime). Here, appellants' second amended judgements of conviction show that their sentences fall within the parameters of the relevant statutes, *see* NRS 199.480; NRS 205.0832; NRS 205.0835; NRS 200.5092; NRS 200.5099, and appellants have not shown that these statutes are unconstitutional. Having considered the crimes and the sentences, we conclude the sentences imposed are not grossly disproportionate to the crime and do not constitute cruel and unusual punishment.

*Cumulative error*

Ballew and Rasmussen argue that cumulative error warrants relief. They allege that the issue of guilt was close and that the charged crimes were not very grave and ask this court to reverse their convictions. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008). Beyond the sufficiency-of-evidence error discussed previously, there is no error for us to cumulate.

*Conclusion*

Having considered appellants claims,[7] and for the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Douglas

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Stiglich

CHERRY, J., with whom, GIBBONS, J., agrees, dissenting in part and concurring in part:

I agree with the majority's disposition of this case, save for its conclusion that the State presented insufficient evidence to support the check-related theft counts. Given the evidence presented and our standard

---

[7]We have considered and reject appellants' claims that the district court eschewed any duty when it did not inquire into counsel's medical condition and that it failed to perform an adequate inquiry of two jurors.

of review on appeal, I believe sufficient evidence exists to support all charges. As such, I would affirm appellants' convictions.

_____, J.
Cherry

I concur:

_____, J.
Gibbons

cc:    Hon. Stefany Miley, District Judge
       Sgro & Roger
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk