ELIZABETH CARPENTER BLISS, APPELLANT, *v.* PERCY O. DEPRANG, DOING BUSINESS AS DAY–NITE LAUNDER CENTER NO. 214, AND RENO ENTERPRISES, INC., A NEVADA CORPORATION, RESPONDENTS.

No. 4899

November 16, 1965        407 P.2d 726

*Nada Novakovich,* of Reno, for Appellant.

*Richard P. Wait* and *Roger L. Erickson,* of Reno, for Respondents.

# OPINION

By the Court, ZENOFF, D. J.:
This is an appeal from a judgment in a personal injury

suit in which the jury returned a verdict for the defendants. Appellant assigns as error the denial by the court of a motion for a directed verdict and the introduction into evidence of certain photographs taken of the scene of the accident.

On April 20, 1963, about 7:30 a.m., appellant arrived at the Day-Nite Launder Center, parked her car, and went into the laundromat to do her washing. When this was completed, she proceeded back to her car, placed the laundry in the front seat and walked around the back of the automobile to get into the driver's seat.

At this point, she slipped and fell, sustaining injuries to her left arm and knee for which she claims damages for medical expenses and pain and suffering. The basis of her contention was that the respondents, owners of the parking lot and operators of the laundromat, were negligent in allowing a depression to exist in the parking lot; that the depression caused water to gather which turned to ice, that the ice caused her to fall by reason of which she sustained the aforementioned injuries.

1. At the conclusion of the evidence by both parties, appellant moved for a directed verdict, pursuant to Rule 50(a) of the Nevada Rules of Civil Procedure, which provides for a motion for a directed verdict at the close of the evidence and before the case is submitted to the jury. It enables the court to determine whether there is any question of fact to be submitted to the jury, and whether any verdict other than the one directed, would be erroneous as a matter of law. 2B Barron and Holtzoff, Fed. Prac. & Procedure, Sec. 1071, at 364.

When such a motion is presented, the trial court must view the evidence and all inferences most favorably to the party against whom the motion is made. On review, this court must apply the same standard. Wisconsin Liquor Co. v. Park & Tilford Distillers Corp., 267 F.2d 928 (7th Cir. 1959) ; 2B Barron and Holtzoff, Fed. Prac. & Procedure, Sec. 1075, at 378. The credibility of witnesses and the weight of evidence are not before the

court on a motion for a directed verdict. Schnee v. Southern Pac. Co., 186 F.2d 745 (9th Cir. 1951) ; Sano v. Pennsylvania R. Co., 282 F.2d 936 (3rd Cir. 1960).

In brief, where there is testimony that is conflicting on material issues, the court should not direct a verdict. Even where the trial court would feel obliged to set aside a verdict as against the weight of the evidence, it is powerless to direct a verdict if there is substantial evidence for the party against whom the motion is made. A directed verdict is proper only in those instances where the evidence is so overwhelming for one party that any other verdict would be contrary to the law. Greene v. Werven, 275 F.2d 134 (8th Cir. 1960).

We must resolve, therefore, whether appellant has shown that there is insufficient evidence for permitting any other finding than that respondents were negligent. If the facts are disputed or if reasonable men could draw different inferences from the facts, the question is one of fact for the jury and not one of law for the court. See Troop v. Young, 75 Nev. 434, 345 P.2d 226 (1959) ; Weck v. Reno Traction Co., 38 Nev. 285, 149 P. 65 (1915).

Plaintiff testified that the parking lot was in a defective and icy condition the day of the accident, that there were shallow depressions in the parking lot which filled with water that turned to ice causing her to fall. Respondents countered with uncontradicted evidence that there were slight depressions in the pavement of the parking lot of about one quarter of an inch, but that the wavy surface was standard and not unusual. They also presented expert testimony to the effect that they were unaware of any process which could improve the condition of the parking lot as it then existed, and that it had been designed properly originally.

There was conflict in the testimony as to the snow conditions on the day of the accident—appellant testifying the lot was void of snow and respondent that there was slush and snow covering the entire lot.

Appellant thus failed to fulfill her burden as to the crucial facts by producing evidence that was clear, uncontradicted, self-consistent, and unimpeached. 2B Barron and Holtzoff, Fed. Prac. & Procedure, Sec. 1074.1, at 374. The trial court properly denied the motion for a directed verdict.[1]

2. Respondents introduced into evidence photographs of the parking lot, taken about two years after the accident. They were offered for the limited purpose of showing the location and area where the accident happened, and not to show the particular conditions existing at the time appellant sustained her injuries. Over objection, the trial court accepted the photographs for this limited purpose and so advised the jury. Under these circumstances, the trial court did not err. Adams v. City of San Jose, 164 Cal.App.2d 665, 330 P.2d 840 (1958).

Affirmed.

THOMPSON and BADT, JJ., concur.

---

[1]Had the evidence about the defendants' negligence been uncontroverted, our ruling would be the same because the affirmative defense of contributory negligence was pleaded, and the jury could permissibly have inferred that the plaintiff's fall was caused by the lack of ordinary care for her own safety in failing to observe the depression.