EDWIN JOEL WHEELER, Appellant, v. TWIN LAKES RIDING STABLE, INC., a Nevada Corporation, Respondent.

No. 6734

August 30, 1972                    500 P.2d 572

*Beckley, Delanoy & Jemison, Chartered,* of Las Vegas, for Appellant.

*Wiener, Goldwater, Galatz & Raggio, Ltd.,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Asserting that the district court impermissibly commented upon the evidence by jury instruction, the appellant asks that we order another trial of his action to recover damages for permanent injuries sustained when he was allegedly knocked from a dude horse by an overhanging tree branch while riding down a trail under the control of the respondent-defendant from whom he had rented the horse. The defendant's negligence was alleged to have been its knowledge that the animal was dangerous and its failure to warn of that fact, together with the failure to properly maintain the riding area. For reasons hereafter expressed, we reverse and remand for another trial.

1. At the close of the evidence the court denied the defendant's motion for a directed verdict. Apparently, the court believed that the evidence and all reasonable inferences therefrom, when viewed most favorably to the plaintiff, presented a jury question. Bliss v. DePrang, 81 Nev. 599, 407 P.2d 726 (1965); Kline v. Robinson, 83 Nev. 244, 428 P.2d 190 (1967). Notwithstanding such denial, however, the court did instruct the jury that there was not sufficient evidence to support one aspect of the charge of negligence—the defendant's undisclosed knowledge of the dangerous propensities of the horse.

Having decided that reasonable minds could differ on the issue of negligence and that such issue was a jury question, the court should not thereafter, by jury instruction or otherwise, comment upon the evidence bearing on that issue.[1] "Judges

---

[1]If the court believed that the motion for a directed verdict possessed merit, it should either have granted that motion, or denied it with leave to offer a motion for judgment notwithstanding the verdict, should the jury find for the plaintiff. Some courts prefer the latter course in order to avoid a second trial in the event of appellate reversal. Whatever the court's view as to the merit of the motion for a directed verdict, if it decides to allow the jury to return a verdict, it should not comment upon the evidence.

shall not charge juries in respect to matters of fact, but may state the testimony and declare the law." Nev. Const. art. 6, § 12. Neither may the judge comment upon the probability or improbability of the truth of the evidence nor the credibility thereof. NRS 3.230. This barrier between court and jury preserves their respective functions and insures freedom in the jury to decide facts and the reasonable inferences therefrom without influence or direction from the court except as to applicable law.

The challenged instruction is quoted below[2] and is a direct comment upon the evidence offered to substantiate one aspect of the plaintiff's charge of negligence. In the light of the constitutional and statutory prohibitions, the court's error is apparent.

2. A violation of the constitutional and statutory prohibitions is subject to the rule of harmless error. Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968). Our review of the record in this case, however, does not permit us to conclude that the error was harmless. One half of the plaintiff's claim of negligence was removed from jury consideration. Closing argument by plaintiff's counsel was concomitantly curtailed. A full and fair jury trial could not occur in these circumstances.

3. We do not consider it necessary to decide other assigned errors.

Reversed and remanded for a new trial.

ZENOFF, C. J., and BATJER, MOWBRAY, and GUNDERSON, JJ., concur.

---

[2]"There has not been sufficient evidence adduced during the course of this trial upon which this jury could base a determination or finding of negligence of the defendant by virtue of any inherent propensities of the horse to act in an erratic manner. Therefore, there has been insufficient evidence to find that the defendant corporation was negligent by virtue of having failed to inform the plaintiff of any propensities of the horse behaving in an erratic manner." Contrast this instruction with the one given in Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 666, 448 P.2d 46 (1968), where the court merely advised the jury to consider the oral admission of a party with caution.