ROYAL G. GORDON and GLEN MICHAEL GORDON, APPELLANTS, v. JERRY HURTADO and RECRION CORPORATION, DBA THE FREMONT HOTEL, RESPONDENTS.

No. 7684

October 23, 1975                    541 P.2d 533

[Rehearing denied December 5, 1975]

*Peter L. Flangas,* of Las Vegas, for Appellants.

*Cromer, Barker & Michaelson,* of Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

Appellants, father and son, brought an action to recover damages for the personal injury suffered by the son, Glen Michael Gordon, in a collision between his motorcycle and a delivery van driven by respondent Jerry Hurtado, an employee of respondent Recrion Corporation, dba Fremont Hotel. Appellants alleged negligence and failure to observe a red light on the part of Hurtado who countered with allegations of contributory negligence and failure to display lights on the part of Glen Gordon.

The accident occurred at the intersection of the eastbound lanes of Washington Avenue and the southbound lane of 25th Street in Las Vegas, Nevada. Evidence in the record indicates that the width of Washington Avenue was 25 feet each for the eastbound and westbound lanes, with a 40-foot drainage ditch divider between the lanes. Hurtado was driving south across Glen Gordon's lane after completing a left hand turn from Washington onto 25th. The signal lights were green for traffic on Washington Avenue and red for traffic on 25th Street. The accident occurred at 5:05 p.m. on December 26, 1969.

Prior to the accident, Hurtado, who was proceeding west on Washington Avenue, had stopped for a red light at the intersection with 25th Street. When the light changed he turned his delivery van left into the southbound lane of 25th Street and as he approached the eastbound lanes of Washington Avenue he paused to allow a vehicle to make a left turn in front of him into the northbound lane of 25th Street; then, not heeding the red light, he drove into the intersection. When he had proceeded approximately one-third of the distance into the eastbound lanes he felt a bump, pulled to the west curb of 25th Street, and stopped. Only then did he notice Glen Gordon and his motorcycle lying prone in the intersection.

A witness who was approaching the intersection from the south testified that he saw Hurtado's vehicle before the collision but did not see the motorcycle until after the collision, nor did he see the collision. He further testified that at the time Hurtado crossed Washington on 25th, the light was red for 25th Street traffic.

At trial, Arnold W. Siegal was permitted to testify as an accident reconstruction expert. According to his testimony, if Gordon had been looking, he could have seen the delivery van in time to stop his motorcycle 45 feet before the point of impact. Siegel based his testimony on the lack of skid marks, the acceleration and braking characteristics of the same types of van and motorcycle, and an assumption that Gordon was travelling about 25 m.p.h. upon impact. His calculations included conclusions that the van would require 3½ seconds to reach the point of impact from the northern edge of the eastbound lanes of Washington Avenue where he assumed it had paused, that the motorcycle was 130 feet to the west when the van started into the eastbound lanes, and that the motorcycle would require 85 feet to stop, assuming its rider thought the van would stop.

During the course of the trial the district judge denied appellants' motion to strike Siegal's testimony, as well as their motion for a directed verdict, rejected some of the proposed instructions and overruled their objections to certain instructions submitted by respondents. After a jury verdict in favor of respondents this appeal was taken, claiming that error had been committed by the district court in its rulings and that the district judge further erred by commenting on the evidence in violation of Article 6, Section 12, of the Nevada Constitution.

Appellants' contention that the trial court erred when it allowed Arnold W. Siegal, a traffic reconstruction analyst, to testify as an expert is well taken. The point of impact was the only direct evidence from the record which was used by Siegal to arrive at his calculations. Every other factor that entered into those calculations was based on assumption, speculation and conjecture having no support in the record.

In Levine v. Remolif, 80 Nev. 168, 390 P.2d 718 (1964), an expert's testimony material to the speed of two vehicles involved in a collision was based entirely upon photographs of the scene and the vehicles, a diagram made by two police officers giving their version of the movements of the two vehicles prior to and after impact, and certain tests made by the expert with a vehicle similar to one of those involved. This

court noted that the expert did not consider the coefficient of friction, he had never seen either of the vehicles, the photographs did not disclose the damage to the cars' frames, and the police officer who drew the diagram was inexperienced in reconstructing automobile accidents. This court then went on to say: "The lower court properly concluded that the testimony of Blewett, that he was able to determine from such a foundation with any degree of accuracy the speed of either vehicle immediately prior to impact, was incredible. . . . [Blewett's] conclusions . . . based not on facts but on his assumptions from the photographs . . . and from a diagram which to a substantial degree was the result of the conclusions of the maker, were mere speculation, conjecture, and guess. Proof of negligence cannot be left to mere speculation or conjecture. Johnson v. Brown, 77 Nev. 61, 359 P.2d 30." 80 Nev. at 171–2, 390 P.2d at 720.

And in Choat v. McDorman, 86 Nev. 332, 336–7, 468 P.2d 354, 356–7 (1970), we held that an expert could not testify to speed based upon the resulting damage to the vehicles involved. There we said: "Even cases where expert testimony on speed prior to impact has been admitted, factors such as skid marks, the relative positions of the vehicles after the accident, and their respective weights, in addition to the resulting damage, were taken into consideration. . . . The testimony of a former highway patrolman, testifying as an expert witness, was undoubtedly accorded considerable weight by the jury and, inasmuch as it tended to establish the contributory negligence of the appellant it was unduly prejudicial to his case, and it was therefore reversible error to admit it."

Siegal's testimony was no less prejudicial to appellants in this case. He should never have been permitted to testify over the objections of appellants' counsel; however, after that harm was done appellants' motion to strike should have been granted. See also Cardinal v. Zonneveld, 89 Nev. 403, 514 P.2d 204 (1973).

In denying appellants' motion to exclude the testimony of the traffic reconstruction analyst Siegal, the trial judge stated in the presence of the jury: "The court is substantially impressed in this case not only by the qualification of this witness and the validity to formulate opinions enunciated by him, but also by the fact there was virtually no direct testimony whatsoever to assist or aid or direct or guide the jury with regard to circumstances surrounding the accident in concluding that in this case the testimony in the line of accident construction is particularly appropriate and particularly probative and, therefore, more

than justified on the basis of the record before the court at this time. . . ."

▆▆▆▆▆▆▆▆▆

"Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law." Nev. Const. art. 6, § 12. Furthermore, judges are precluded from commenting upon the probability or improbability of the truth of the evidence or the credibility thereof. NRS 3.230.[1]

In Wheeler v. Twin Lakes Riding Stable, 88 Nev. 485, 487, 500 P.2d 572, 573 (1972), we said: "This barrier between court and jury preserves their respective functions and insures freedom in the jury to decide facts and the reasonable inferences therefrom without influence or direction from the court except as to applicable law."

▆▆▆▆▆▆▆▆▆

The statement of the trial judge quoted above is a direct comment not only upon the evidence that was then before the jury but also upon the credibility of Siegal's testimony, as well as the probability of its truth and its probative value. The trial court's error is obvious.

Violations of the constitutional and statutory prohibitions are subject to the rule of harmless error. Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968); Wheeler v. Twin Lakes Riding Stable, supra; NRCP 61.[2]

The trial court's comment on the quality and quantity of the direct evidence, his referring to the inadmissible testimony of Siegal as "particularly appropriate and particularly probative," does not permit us to conclude that the error was harmless. "A full and fair jury trial could not occur in these circumstances." Wheeler v. Twin Lakes Riding Stable, 88 Nev. at 487, 500 P.2d at 573.

---

[1]NRS 3.230: "District judges shall not charge juries upon matters of fact but may state the evidence and declare the law. In stating the evidence, the judge should not comment upon the probability or improbability of its truth nor the credibility thereof. If the judge state the evidence, he must also inform the jury that they are not to be governed by his statement upon matters of fact."

[2]NRCP 61: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The trial court properly denied appellants' motion for a directed verdict. Here there existed questions of fact as to the negligence of both drivers, conflicting evidence of the circumstances of the accident to be weighed and credibility of witnesses to be determined. The entry of a directed verdict by a trial court is proper only if there is no question of fact remaining to be decided. Kline v. Robinson, 83 Nev. 244, 428 P.2d 190 (1967); NRCP 50(a).

We need not consider appellants' other assignments of error. The judgment is reversed and this case is remanded for a new trial.

GUNDERSON, C. J., and ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.