ALBERT A. POWERS, Appellant, v.
SHIRLEY JOHNSON, Respondent.

No. 8415

November 10, 1976                    555 P.2d 1235

[Rehearing denied December 14, 1976]

*Harry S. Busscher,* Reno, for Appellant.

*Donald Thorpe,* Reno, for Respondent.

## OPINION

*Per Curiam:*

On May 2, 1970, Shirley Johnson was test-driving a motor
vehicle in which Albert Powers, an automobile salesman who

was trying to sell the car, was riding. As the vehicle approached Eighth Avenue, traveling north on Yukon Drive in the Reno area, it collided with a westbound vehicle. Powers, who was severely injured, sued for damages and at the conclusion of a three-day trial, the jury returned a verdict for the defendant.

Powers has appealed contending the court committed reversible error by (1) excluding parts of the proffered expert testimony of John Lommell; and, (2) giving two particular jury instructions and refusing to give another.

1.  John Lommell, described as an "accidentologist," was called as a witness and Powers attempted to elicit Lommell's opinion as to the "zone of vision," the "zone of hazard," and the required stopping distance at the intersection where the accident took place. Objections were made and sustained on the grounds that insufficient foundation had been laid for such testimony.

The record shows, *inter alia,* Lommell's investigation took place nearly three and one-half (3½) years after the accident. Photographs taken in the interim showed the street had been resurfaced, rendering the relied upon coefficient of friction test irrelevant. One witness had described tree limbs as being a visual obstruction when the accident occurred; Mr. Lommell concluded the limbs were in a completely different condition when he made his "investigation" on August 6, 1973. Additionally, he had not ascertained the vehicles' weights; and, he had not viewed the vehicles. Indeed, it was doubtful that he had even viewed pictures of the vehicles. Upon stronger facts, this court has held it to be prejudicial error to *allow* such testimony. Gordon v. Hurtado, 91 Nev. 641, 541 P.2d 533 (1975); Choat v. McDorman, 86 Nev. 332, 468 P.2d 354 (1970). Cf. Levine v. Remolif, 80 Nev. 168, 390 P.2d 718 (1964).

2.  Although Powers designated, as a part of the record on appeal, the objections and exceptions to the jury instructions, they are not included in the record. Therefore, we are unable to consider and resolve his second claimed error. NRCP 51; NRAP 10(c); Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 445, 420 P.2d 855, 859 (1966)..

It is appellant's responsibility to ensure that all items enumerated in the designation of record are included in the record

which is docketed in the court. See NRAP 11(a) which provides, in part, that "[a]fter filing the notice of appeal the *appellant . . . shall take any other action necessary to enable the clerk to assemble and transmit the record.*" [Emphasis added.] Accord: Business Forms Finishing Service, Inc. v. Carson, 463 F.2d 966 (7th Cir. 1971). Cf. Pyramid Mobile Homes, Inc. v. Speake, 531 F.2d 743 (5th Cir. 1976).

Affirmed.