GELENA FORD WILSON, Individually and as Natural Mother and Guardian ad litem of BRADFORD D. WILSON, a Minor, Appellant, *v.* CIRCUS CIRCUS HOTELS, INC., dba CIRCUS CIRCUS HOTEL & CASINO, Respondent.

No. 16211

December 12, 1985                    710 P.2d 77

*Crockett & Myers* and *Jonathan C. Reed,* Las Vegas, for Appellant.

*Edwards, Hunt & Hale* and *Amy R. Wrobel,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a directed verdict for the respondent/ defendant (Circus Circus) in a food poisoning case. The sole issue on appeal is whether the plaintiff presented sufficient evidence on the element of causation to send the case to the jury. Because the appellant/plaintiff presented evidence tending to negate other possible causes of the victim's illness we reverse and remand for a new trial.

On October 17, 1980 two and one-half year old Bradford

Wilson (Brad) left Texas with his family to visit Brad's great uncle in California. The Wilsons stopped in Las Vegas, Nevada for a few days before continuing the trip to California. At approximately 11:00 a.m. on October 18, 1980 the Wilsons checked into the Circus Circus Hotel and ate at Circus Circus's Pink Pony Restaurant.

Although Brad began to show his first signs of illness around 3:00 p.m. on October 20, 1980, his parents did not become concerned until he developed a fever and diarrhea in the early morning hours of October 21, 1980. Brad's mother called a doctor who told her Brad's symptoms were probably caused by a virus and that she should not worry. The Wilsons checked out of Circus Circus later that morning and decided to visit Caesars Palace before driving on to California. While at Caesars Palace, Brad complained of stomach pain. His father noticed that Brad's fever was worse and his stools were black. Brad was taken to the emergency room at Sunrise Hospital and diagnosed as suffering from hemorrhagic gastroenteritis caused by salmonella bacteria. Brad was hospitalized for eight days.

Brad's mother testified that Brad had eaten exclusively at Circus Circus's restaurants since the 11:00 a.m. brunch at the Pink Pony on October 17, 1980. Brad usually ate the child's fish dish with tartar sauce. No one else in the family ate the fish with tartar sauce during their stay at Circus Circus. The tartar sauce was served in individual one-ounce cups. The plaintiff argued at trial that Brad had contracted the salmonella bacteria from one of the cups of tartar sauce left unrefrigerated for too long.

Dr. Anes, plaintiff's medical expert, testified that there was an 80 percent chance that Brad was poisoned by food served by Circus Circus if Brad had eaten only at Circus Circus during the 52 hours before the onset of symptoms. Dr. Anes increased his estimate to 90 percent assuming that Brad had eaten only chips and cookies after 9:00 p.m. on October 17, 1980. Medical experts testified that the first symptoms of salmonella poisoning appear 6 to 72 hours after ingestion of contaminated food or water. Most people become ill within 36 hours of ingestion.

After both parties had presented their evidence, Circus Circus moved for a directed verdict pursuant to Nevada Rule of Civil Procedure 50(a). The district court granted the motion, concluding that the plaintiff had failed to prove as a matter of law that Circus Circus's food had proximately caused Brad's illness.

Plaintiff contends that the evidence of Brad's illness following ingestion of Circus Circus's food, coupled with evidence tending to negate other possible causes, constituted sufficient proof to send the case to the jury. Circus Circus, on the other hand, argues that the evidence was insufficient as a matter of law

because it failed to eliminate other possible sources of the salmonella bacteria and because there was no proof that the food was outwardly deleterious. Because any decision rendered by the jury would have been based on speculation and conjecture, Circus Circus asserts, the district court properly removed the case from the jury.

As a general rule mere correlation between ingestion and illness is insufficient as a matter of law to establish causation. *See, e.g.,* Minder v. Cielito Lindo Restaurant, 136 Cal.Rptr. 915, 918 (Cal.Ct.App. 1977); Woolworth Company v. Garza, 390 S.W.2d 90, 93 (Tex.Civ.App. 1965). Direct proof of proximate cause in food poisoning cases is often difficult, however, because the food has been consumed and is often unavailable for scientific analysis. In the absence of direct proof, therefore, circumstantial evidence may be used to prove the unwholesomeness or unfitness of food. *See* Vuletich v. Alivotvodic, 392 N.E.2d 663, 667 (Ill.App.Ct. 1979). "However, to be sufficient for that purpose, the circumstantial evidence must exclude other extrinsic causes of the accident. . . ." *Id.*

Circus Circus suggests that Brad could have contracted the bacteria from (1) his father or any other salmonella carrier, or (2) from a bologna sandwich Brad ate almost 70 hours before the onset of symptoms. The plaintiff presented evidence, however, which, if believed by the jury, would have negated these alternative sources of contamination.

As to the first alternative source, there was evidence presented that Brad's parents observed proper sanitary precautions when supervising Brad. Brad's mother also testified that her husband had never been diagnosed a salmonella carrier during recurrent treatment for diarrhea. Hence the plaintiff presented evidence tending to negate Circus Circus's theory that the bacteria had been spread by oral/fecal contact, i.e. by Brad touching a contaminated object or person.

There was also evidence indicating that the bologna sandwich Brad ate for dinner on October 17, 1980, was not the cause of Brad's illness. Brad's sister also ate a bologna sandwich for dinner that night made from the same package of bologna as Brad's. Dr. Anes testified that if two children eat the same food contaminated with salmonella bacteria, both are likely to become ill if the children are within two years of age of each other. Brad's sister, who was one and one-half years older than Brad, did not become ill. The absence of illness in one who has eaten the same food as one who does become ill is circumstantial, but not

controlling, evidence that the food was not tainted. *See* Minder v. Cielito Lindo Restaurant, 136 Cal.Rptr. at 918.

Drawing all inferences from the evidence in favor of the plaintiff, as we must in reviewing a directed verdict for the defendant pursuant to Rule 50(a), *see* Bliss v. DePrang, 81 Nev. 599, 601-02, 407 P.2d 726 (1965), we conclude that the jury could have legitimately found for the plaintiff if given the opportunity. A jury's determination of liability is not based on speculation or conjecture simply because there are multiple possible causes of an incident. *See* Otis Elevator v. Reid, 101 Nev. 515, 706 P.2d 1378 (1985); Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968), *cert. denied,* 395 U.S. 910 (1969). Only when the causes are equally probable can it be said that a jury's verdict will be based on speculation and conjecture. *Wyatt,* 84 Nev. at 665.

Upon review of all the evidence presented at trial, we conclude that the three possible causes of contamination were not equally probable. The evidence of Brad's illness following the almost exclusive ingestion of Circus Circus's food during the incubation period for salmonella poisoning, when coupled with evidence negating other possible causes, is sufficient to send the case to the jury for its evaluation of the evidence. We therefore reverse the district court's order directing a verdict for Circus Circus and remand for a new trial.