# IN THE SUPREME COURT OF THE STATE OF NEVADA

MAKELE TEKLE,
Appellant,
vs.
JACOB TECOSKY-FELDMAN,
Respondent.

No. 73899

**FILED**

MAR 2 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in a tort action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Appellant Makele Tekle worked as a taxi cab driver. While on duty, Tekle was struck from behind by Respondent Jacob Tecosky-Feldman. Tekle received workers' compensation benefits for his injury, including compensation for a permanent partial disability in the amount of 22 percent whole person impairment. Tekle sued Tecosky-Feldman for negligence and the case went to a jury trial. The jury issued a verdict in favor of Tecosky-Feldman. Tekle now appeals the judgment, arguing that the district court: (1) abused its discretion in limiting expert testimony; (2) should have issued a directed verdict; and (3) abused its discretion in not dismissing a potential juror for cause.

*The district court did not abuse its discretion in limiting expert testimony*

Tekle argues that the district court abused its discretion when it limited Dr. Perry's testimony and excluded evidence of Tekle's disability percentage from his workers' compensation claim based upon its application of NRS 616C.215. Tecosky-Feldman counters that the jury did get to hear the amount of workers' compensation benefits Tekle received, as mandated by NRS 616C.215. We conclude that to the extent that Tekle wanted to introduce the findings of the workers' compensation evaluation, including

the disability percentage and the doctor's conclusions about that percentage, the district court was correct in concluding it would be cumulative and confusing.

"A district court's decision to admit expert testimony is reviewed for an abuse of discretion." *Morsicato v. Sav-On Drug Stores, Inc.*, 121 Nev. 153, 157, 111 P.3d 1112, 1115 (2005) (internal quotation marks omitted). NRS 616C.215(10) states that "[i]n any trial of an action by the injured employee . . . the jury must receive proof of *the amount* of all payments made or to be made by the insurer or the Administrator." (Emphasis added). The statute also includes a jury instruction. The jury instruction is included because NRS 616C.215(2) provides for a lien by the workers' compensation insurer on the amount awarded to the injured plaintiff by a negligent third party. The legislature enacted NRS 616C.215(10) to avoid confusing the jury about the relationship between workers' compensation benefits and damages awarded. *Cramer v. Peavy*, 116 Nev. 575, 580, 3 P.3d 665, 669 (2000). Specifically, to keep the jury from reducing damages awarded under the guise that a plaintiff has already been compensated through workers' compensation benefits. *Id.* at 580-81, 3 P.3d at 669.

The district court limited Dr. Perry's testimony to stating only what he did as a treating physician, and not the conclusion he came to as a result. The district court did this on the basis that anything more was cumulative and would confuse the jury, and additionally because Dr. Perry was not designated as an expert witness. Tekle already had a different physician testify as an expert witness with a very detailed analysis of Tekle's injuries. When the district court made the decision to exclude Dr. Perry's testimony, another physician had already testified for six hours, and

the court noted that he was not close to finishing. The district court concluded that much of Dr. Perry's testimony would be repetitive of the other physician's testimony because both would be testifying about Tekle's injuries. Further, the testimony would be confusing because the standard used by Dr. Perry for determining impairment for workers' compensation purposes was different from the standard the jury would use for its own damages determination. The district court likened the disability percentage determination from Dr. Perry to a traffic accident report because of the problematic possibility that the jury would simply reach the same conclusion as the doctor, despite its job to weigh the evidence and make a separate determination. So, the disability percentage would confuse the jury, given that NRS 616C.215(10) includes a clear jury instruction on what to consider when there is a workers' compensation claim involved. The district court provided that jury instruction at trial. Accordingly, we conclude that the district court did not abuse its discretion in limiting expert testimony.

*The district court was correct in not issuing a directed verdict*

Tekle argues that the district court erred when it denied his request for a directed verdict on liability because Tecosky-Feldman allegedly admitted fault. Tecosky-Feldman counters that Tekle asked for 100 percent liability; and both times Tekle motioned for a directed verdict, there were still questions of fact remaining for the jury regarding Tecosky-Feldman's comparative negligence theory. We conclude that Tecosky-Feldman is correct.

This court applies a de novo standard when reviewing a district court's denial of a motion for a directed verdict or motion for judgment as a matter of law. *Wyeth v. Rowatt*, 126 Nev. 446, 460, 244 P.3d 765, 775 (2010).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

This court "must view the evidence and all inferences most favorably to the party against whom the motion is made." *Bliss v. DePrang*, 81 Nev. 599, 601, 407 P.2d 726, 727 (1965). Further, the district court properly denies a motion for a directed verdict or a motion for judgment as a matter of law when there are genuine issues of material fact that need to be resolved by the trier of fact. *Gordon v. Hurtado*, 91 Nev. 641, 646, 541 P.2d 533, 536 (1975).

We conclude that Tecosky-Feldman's testimony alone does not establish sufficient evidence to warrant a directed verdict in favor of Tekle. Tecosky-Feldman's theory was that Tekle may have made an unsafe lane change, making him at least partially liable. Tekle's passenger testified that Tekle was moving very slow and that he, as a passenger, did not see the cab in front change lanes, implying that the lane change may have been abrupt. Further, Tekosky-Feldman showed a video from which a reasonable juror could conclude that Tekle made an unsafe lane change. Viewing this in the light most favorable to Tekosky-Feldman, a reasonable jury could have found that he was not 100 percent responsible for the accident. Thus, the district court was correct.

*The district court did not abuse its discretion in not dismissing juror 151.*

Tekle argues that the judge should have dismissed juror 151 for cause because she did not state unequivocally and without self-contradiction that she could act impartially. We disagree. In reviewing whether the district court properly denied a for cause challenge, this court uses the abuse of discretion standard. *Boonson Jitnan v. Oliver*, 127 Nev. 424, 431, 254 P.3d 623, 628 (2011). The district court must not grant a motion for cause if the juror can set aside his biases and render a verdict based upon evidence presented in court. *Id.* at 432, 254 P.3d at 629.

The juror at issue stated bias against personal injury attorneys. However, she also reaffirmed that she would not have a problem rendering a verdict for the plaintiff if he were to prove that he was injured and it was the defendant's fault, based on the evidence available to her. Furthermore, even if the district court abused its discretion, such an error would be harmless since juror 151 did not actually sit on the jury after Tekle used a peremptory challenge. *See Blake v. State*, 121 Nev. 779, 796, 121 P.3d 567, 578 (2005) (concluding that even if the district court improperly denied a challenge for cause, if the defendant then exercised a peremptory challenge, he could not demonstrate that any juror actually empaneled was biased, and there could be no error of constitutional dimension). Accordingly, we conclude the district court did not abuse its discretion in refusing to dismiss juror 151, and

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Joanna Kishner, District Judge
John Walter Boyer, Settlement Judge
Greenman Goldberg Raby & Martinez
Law Offices of Kenneth E. Goates
Thorndal Armstrong Delk Balkenbush & Eisinger/Las Vegas
Eighth District Court Clerk