# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENOWN HEALTH, A NEVADA NON-PROFIT CORPORATION; RENOWN REGIONAL MEDICAL CENTER, A NEVADA NON-PROFIT CORPORATION; AND NEVADA HEART INSTITUTE, D/B/A RENOWN INSTITUTE FOR HEART & VASCULAR HEALTH, A NEVADA NON-PROFIT CORPORATION,
Appellants,
vs.
HOLLAND & HART, LLP; AND ROBERT C. ANDERSON,
Respondents,

No. 72039



FILED

APR 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a final judgment in a legal malpractice action. Second Judicial District Court, Washoe County; Bridget E. Robb, Judge.[1]

In 2010, appellants Renown Health and Renown Regional Medical Center decided to acquire Sierra Nevada Cardiology Associates (SNCA) and create a subsidiary, appellant Nevada Heart Institute. Appellants retained respondent Robert C. Anderson from the law firm of respondent Holland & Hart, LLP (collectively, respondents), to assist with the SNCA transaction. Ultimately, appellants brought suit against respondents for various causes of action based on respondents' involvement with the SNCA transaction. As the parties are familiar with the long and

---

[1]The Honorable James W. Hardesty, Justice, and the Honorable Kristina Pickering, Justice, did not participate in the resolution of this matter.

19-14831

complicated facts and procedural history of this case, we will only recount them as necessary to our disposition

On appeal, appellants argue that the district court erred in granting respondents' motion for a directed verdict on appellants' claim for breach of the implied covenant of good faith and fair dealing, and that the district court erred with regard to NRS 49.405.

*The district court did not err in granting respondents' motion for a directed verdict on appellants' claim for breach of the implied covenant of good faith and fair dealing*

Appellants argue that the district court failed to properly set forth the elements for contractual or tortious breach of the covenant of good faith and fair dealing and failed to analyze the evidence in the light most favorable to appellants. Appellants argue that they presented ample evidence for their claims of breach of the covenant of good faith and fair dealing, both contractual and tortious, to be decided by the jury. We disagree.

"In reviewing a ruling for or against a directed verdict, this court applies the same standard as the trial court, viewing the evidence in the light most favorable to the party against whom the motion is made." *Land Baron Invs., Inc. v. Bonnie Springs Family Ltd. P'ship*, 131 Nev. 686, 693, 356 P.3d 511, 517 (2015) (internal quotation marks omitted). "A directed verdict is proper only in those instances where the evidence is so overwhelming for one party that any other verdict would be contrary to the law." *Bliss v. DePrang*, 81 Nev. 599, 602, 407 P.2d 726, 727-28 (1965). "If the facts are disputed or if reasonable men could draw different inferences from the facts, the question is one of fact for the jury and not one of law for the court." *Id.* at 602, 407 P.2d at 728.

(O) 1947A

"It is well established that all contracts impose upon the parties an implied covenant of good faith and fair dealing . . . ." *Nelson v. Heer*, 123 Nev. 217, 226, 163 P.3d 420, 427 (2007). An attorney-client relationship is typically "created by some form of contract, express or implied, formal or informal." *Fox v. Pollack*, 226 Cal. Rptr. 532, 534 (Ct. App. 1986). As with any other type of contract, therefore, it too includes this implied covenant. *See Nelson*, 123 Nev. at 226, 163 P.3d at 427.

A party breaches the covenant when it performs in a manner that is unfaithful to the contract's purpose, and thus, denies the other party's justified expectations. *Perry v. Jordan*, 111 Nev. 943, 948, 900 P.2d 335, 338 (1995). Reasonable expectations are "determined by the various factors and special circumstances that shape these expectations." *Id.* (quoting *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 234, 808 P.2d 919, 924 (1991)). In situations where the terms of a contract are literally complied with, the covenant is breached when "one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton*, 107 Nev. at 232, 808 P.2d at 922-23. Ultimately, however, the central question in determining whether the covenant was breached is whether the party acted in bad faith. *See Geysen v. Securitas Sec. Servs. USA, Inc.*, 142 A.3d 227, 237-38 (Conn. 2016) (using conduct that constitutes "bad faith" as an excluder for what constitutes "good faith"); *see also* Robert S. Summers, *The General Duty of Good Faith—Its Recognition and Conceptualization*, 67 Cornell L. Rev. 810, 819-20 (1982). Whether a party did not act in good faith is typically a factual question for the jury. *Consol. Generator-Nev., Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1312, 971 P.2d 1251, 1256 (1998).

"[B]ad faith may be overt or may consist of inaction . . . ." *Geysen*, 142 A.3d at 238 (alteration in original) (internal quotation marks omitted). Examples of bad faith include "evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." Restatement (Second) of Contracts § 205 cmt. d (Am. Law Inst. 1981). Thus,

> [b]ad faith in general implies . . . actual or constructive fraud, or a design to mislead or deceive another, *or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose.*

*Geysen*, 142 A.3d at 238 (emphasis added) (citation and internal quotation marks omitted); *see also Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995) (noting the covenant is not breached "by an honest mistake, bad judgment or negligence" (internal quotation marks omitted)); *Himmelstein v. Comcast of the Dist., LLC*, 908 F. Supp. 2d 49, 54 (D.D.C. 2012) (holding that defendants' actions did not breach the covenant as they "amount[ed] to a series of mistakes and were not the result of an interested or corrupt motive"); *Alexandru v. Strong*, 837 A.2d 875, 883 (Conn. App. Ct. 2004) ("Absent allegations and evidence of a dishonest purpose or sinister motive, a claim for breach of the implied covenant of good faith and fair dealing is legally insufficient.").

In viewing the evidence in a light most favorable to appellants, we conclude that appellants failed to present evidence at trial that respondents acted in bad faith or contrary to the purpose of the contract and thus, a subsequent jury verdict finding that respondents breached the

implied covenant of good faith and fair dealing would be erroneous as a matter of law. Appellants' evidence focused on respondents' alleged failure to complete the job appellants hired them for, namely, to prepare legal documents and close the SNCA transaction, which occurred. Even viewed in the light most favorable to appellants, the evidence adduced at trial failed to demonstrate that respondents acted with "an interested or corrupt motive," *Himmelstein*, 908 F. Supp. 2d at 54, or with anything other than "an honest mistake, bad judgment or negligence," *Maljack*, 52 F.3d at 375 (internal quotation marks omitted). Our conclusion is further supported because the jury's verdict reflected that respondents did not breach their fiduciary duty to represent appellants "with utmost loyalty and good faith," which "impose[s] substantially more demanding duties than" the covenant of good faith and fair dealing. *See* Ronald E. Mallen, 1 Legal Malpractice § 8:34 (2019 ed.) ("[T]he fiduciary obligations of undivided loyalty and confidentiality impose substantially more demanding duties than the implied covenant."); Sandra K. Miller, *What Fiduciary Duties Should Apply to the LLC Manager After More Than a Decade of Experimentation?*, 32 J. Corp. L. 565, 595 (2007) ("The implied covenant of good faith is not a fiduciary duty and is arguably narrower in scope than a fiduciary duty.").[2] Accordingly, the district court did not err in granting respondents' motion for a directed verdict on appellants' claim of breach of the implied covenant of good faith and fair dealing.

---

[2]For this reason, we further conclude that the district court did not err in granting respondents' motion for a directed verdict on appellants tortious claim for breach of the implied covenant of good faith and fair dealing, which requires a special element of reliance or fiduciary duty. *See Hilton*, 107 Nev. at 233, 808 P.2d at 923.

*The district court did not abuse its discretion in denying appellants' motion in limine*

Appellants next argue that the district court violated appellants' right to an unbiased and impartial jury by denying their motion in limine to exclude privileged information, or inferences regarding the privilege. Appellants argue that the district court failed to correctly interpret NRS 49.405(1)-(2), which allowed respondents to probe into privileged information and forced appellants to invoke privilege protections in front of the jury. We disagree.

A district court's ruling on a motion in limine is reviewed for an abuse of discretion. *See generally State ex rel. Dep't of Highways v. Nevada Aggregates & Asphalt Co.*, 92 Nev. 370, 376, 551 P.2d 1095, 1098 (1976); *Cundiff v. Patel*, 982 N.E.2d 175, 178 (Ill. App. Ct. 2012) ("A trial court's decision in granting a motion *in limine* excluding evidence is reviewed for an abuse of discretion."). Furthermore, it is within a district court's discretion to deny an overly broad motion in limine. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders *in limine* which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise."); *United States v. Cline*, 188 F. Supp. 2d 1287, 1292 (D. Kan. 2002) ("A court is well within its discretion to deny a motion in limine that fails to identify the evidence [sought to be excluded] with particularity or to present arguments with specificity."); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996) (denying a motion in limine for lacking "the necessary specificity with respect to the evidence to be excluded or the purported reason for the introduction of such evidence"). Lastly, "a fully briefed and definitively ruled-on motion in limine on an evidentiary question preserves error for challenges to whether

the district court properly ruled on the motion." *BMW v. Roth*, 127 Nev. 122, 140, 252 P.3d 649, 661 (2011); *see also Richmond v. State*, 118 Nev. 924, 932, 59 P.3d 1249, 1254 (2002) (stating that in criminal cases, "where an objection has been fully briefed, the district court has thoroughly explored the objection during a hearing on a pretrial motion, and the district court has made a definitive ruling, then a motion in limine is sufficient to preserve an issue for appeal").

NRS 49.405 states:

> 1. The claim of a privilege, whether in the present proceeding or upon a prior occasion, is not a proper subject of comment by judge or counsel. No inference may be drawn therefrom.
>
> 2. In jury cases, proceedings shall be conducted, *to the extent practicable*, so as to facilitate the making of claims of privilege outside the presence of the jury.
>
> 3. Upon request, any party against whom the jury might draw an adverse inference from a claim of privilege is entitled to an instruction that no inference may be drawn therefrom.

(Emphasis added.)

Appellants broadly requested in their motion in limine that respondents "be precluded from (1) asking questions of witnesses that would elicit testimony regarding [appellants'] proper assertion of privilege; (2) from making any argument or inference regarding the same; and (3) asking questions of witnesses that prompt a privilege objection from [appellants'] counsel during trial."

As a threshold issue, we are not convinced that appellants preserved the alleged motion in limine error by the district court, as the district court denied the motion without prejudice and failed to provide a written order. Thus, it is unclear whether it "definitively ruled-on" the

motion, such that it preserved the alleged error. *See BMW*, 127 Nev. at 140, 252 P.3d at 661; *see also Rust v. Clark Cty. Sch. Dist.*, 103 Nev. 686, 689, 747 P.2d 1380, 1382 (1987) ("The district court's oral pronouncement from the bench, the clerk's minute order, and even an unfiled written order are ineffective for any purpose and cannot be appealed."). Nevertheless, we need not rule on this issue as we ultimately conclude that the district court did not abuse its discretion in denying appellant's motion in limine because it was overly broad, and failed to identify with specificity the evidence—testimonial or otherwise—that appellants sought to exclude as privileged.

Furthermore, we note that during trial appellants did not invoke the privilege to prevent witnesses from testifying entirely; rather, the privilege was largely invoked in response to certain answers *appellants* asked of witnesses. We note that under these unique facts, granting appellants' motion in limine would have been impracticable. *Cf. In re L.S.*, 748 S.W.2d 571, 575 (Tex. App. 1988) (concluding that where the witness answered the majority of the questions asked and privilege was invoked only in response to certain questions, invoking the privilege outside the presence of the jury was impracticable).[3] While appellants point to the fact that at the conclusion of trial, the district court began to hold offers of proof outside the presence of jurors, this fact does not persuade us that the entire trial should have been conducted in this manner. Here, privileged

---

[3]Texas has a similar rule to ours, and thus, its caselaw is instructive. *Compare* NRS 49.405(2) ("In jury cases, proceedings shall be conducted, *to the extent practicable*, so as to facilitate the making of claims of privilege outside the presence of the jury." (emphasis added)) *with* Tex. R. of Evid. Ann. 513(b) (West 2016) ("*To the extent practicable*, the court must conduct a jury trial so that the making of a privilege claim is not suggested to the jury by any means." (emphasis added)).

SUPREME COURT
OF
NEVADA

(O) 1947A

communications among various witnesses were intricately intertwined with the issue of damages and causation, which would have made it impracticable for the district court to make rulings in this manner the entire the trial.

In conclusion, we believe that even if the district court erred in denying the motion in limine, and appellants preserved this issue, any error was harmless. Here, the district court twice instructed the jury—once orally admonishing them during the trial and at the conclusion providing them with written instructions on the law prohibiting the jury from making any inferences from appellants' assertion of privilege. Finally, we note that appellants' assertion of privilege involved information largely concerning the issue of causation and damages—two issues which the jury never reached.[4]

Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.          _____, J.
Parraguirre                          Stiglich

_____, J.          _____, J.
Cadish                               Silver

---

[4]We further hold that while respondents' comments during cross-examination of two witnesses may have been improper as a commentary on appellants' invocation of privilege, appellants failed to object to their comments, and further failed to demonstrate plain error. *See Lioce v. Cohen*, 124 Nev. 1, 19, 174 P.3d 970, 982 (2008) (stating that "plain error requires a party to show that no other reasonable explanation for the verdict exists") (internal quotation marks omitted).

cc: Hon. Bridget E. Robb, District Judge
David Wasick, Settlement Judge
McDonald Carano LLP/Reno
Erickson Thorpe & Swainston, Ltd.
McConnell Fleischner Houghtaling, LLC
Washoe District Court Clerk